IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NYDEED B.K. NASHADDAI,**

    **Plaintiff,**

**vs.**                                                      **Case No. 4:13cv421-MW/CAS**

**A.L. JOHNSON, RONALD N. MOCK,
TERRY L. WHITLOCK,
and other UNKNOWN OFFICERS,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Service of the pro se Plaintiff's fourth amended complaint ["complaint"] has been successful as to only one of the three named Defendants: Sergeant Ronald N. Mock.[1] Defendant Mock has filed a motion to dismiss Plaintiff's fourth amended complaint. ECF No. 62. Plaintiff was directed to file a memorandum in opposition to the motion by August 8, 2016, ECF Nos. 63, 66, and Plaintiff's response, ECF No. 67, has been considered.

---

[1] Plaintiff is permitted to use discovery to locate Captain A.L. Johnson and Officer Terry L. Whitlock.

**Allegations of the Fourth Amendment Complaint**:

In June 2011, Plaintiff was removed from general population housing at Franklin Correctional Institution and placed in Confinement. ECF No. 41 at 7. While there, Plaintiff was subjected to 72 hours property restriction for the destruction of state property. *Id.* at 8. Plaintiff contends he did not rip his mattress or pillow and, despite the property restriction, he was never charged with a disciplinary report for destroying state property. *Id.* Plaintiff contends that he had no clothes except his boxer shorts and had to huddle in the corner to try and stay warm because the air conditioning was so cold. *Id.* at 8-9.

On or about June 26, 2011, Plaintiff alleges that Defendant Whitlock was harassing him. ECF No. 41 at 9. Sergeant Mock came to Plaintiff's cell and asked him what the problem was, to which Plaintiff replied that the officer were harassing him. *Id.* at 9. Sergeant Mock told Plaintiff to sit down and be calm, and walked away. *Id.* at 10.

A short time later, Plaintiff alleges he was threatened with chemical agents by Captain Johnson. *Id.* at 10. Plaintiff requested help and declared a psychological emergency, but he claims his request was ignored. *Id.* A short time later, Captain Johnson, Officer Whitlock and an

unknown correctional officer came to Plaintiff's cell and sprayed him with chemical agents. *Id.* at 10. Plaintiff states that he was not being disruptive or disorderly. *Id.*

The next day, Captain Johnson came by Plaintiff's cell and asked if they would have any more problems from him. ECF No. 41 at 11. Because Plaintiff he was terrified, he said no, and asked for a mattress and his clothes. *Id.* Captain Johnson denied Plaintiff's request and threatened to use more tools from his "tool box" if he heard a word from Plaintiff. *Id.*

Plaintiff alleges being on property restriction for two more days. *Id.* He contends he was cold and scared. *Id.* On June 20, 2011, he was served with two disciplinary reports, one for disobeying an order from Officer Whitlock, and one for participating in a disturbance, written by Sergeant Mock. *Id.* Plaintiff contends the disciplinary reports were falsely issued "to cover up the excessive force and the use of chemical agent[s]" on him. *Id.*

Plaintiff did not contest the disciplinary reports and was found guilty. *Id.* at 12. He was sentenced to 30 days in disciplinary confinement, but did not lose gain time. *Id.* Plaintiff's appeals were denied. *Id.* Plaintiff claims his right to due process and his Eighth Amendment rights were violated.

*Id.* at 13.  As relief, Plaintiff seeks a declaratory judgment, an injunction to expunge the disciplinary reports, compensatory and punitive damages, and costs for this litigation.  *Id.* at 13-14.

**Motion to dismiss, ECF No. 62**

Defendant Mock filed a motion to dismiss which raises several grounds for dismissal.  ECF No. 62.  Defendant Mock contends that Plaintiff is not entitled to compensatory or punitive damages pursuant to 42 U.S.C. § 1997e(e).  *Id.* at 3-6.  Additionally, Defendant Mock argues that Plaintiff is not entitled to injunctive or declaratory relief.  *Id.* at 6-9.  Finally, Defendant Mock asserts Eleventh Amendment immunity to the extent he is sued in his official capacity for damages.  *Id.* at 9-10.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth."  Id. at 679, 129 S.Ct. at 1950.  If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief."  Id.  If so, a motion to dismiss should be denied.  Id., at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Analysis**

Defendant Mock raised § 1997e(e) as a bar to Plaintiff's request for compensatory and punitive damages.  That statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)."  42 U.S.C. § 1997e(e).  The statute also precludes an award "of punitive damages in the absence of physical injury."  Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011).

Plaintiff did not allege any physical injury as a result of any action of Defendant Mock. Defendant Mock was not alleged to have participated in the use of chemical agents against Plaintiff. Thus, Plaintiff's request for monetary damages from Defendant Mock must necessarily be limited to nominal damages as required by 42 U.S.C. § 1997e(e). Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[3], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). Defendant Mock's motion to dismiss that requested relief should be granted, and Plaintiff's claim against Defendant Mock must be limited to nominal damages only.

Defendant Mock also asserted Eleventh Amendment immunity as a defense to Plaintiff's claims. Plaintiff's response is not clear in stating whether or not he challenges Defendant Mock's assertion of Eleventh Amendment immunity. ECF No. 67 at 7. Plaintiff does, however, suggest that he sues all Defendants "for damages in their individual capacities and for declaratory or injunctive relief in their official capacities." *Id.*

---

[3] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

Thus, a suit under § 1983 against a state official sued in his or her official capacity is barred unless it meets one of three exceptions. The first two exceptions are through a waiver of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L. Ed. 2d 171 (1985); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L. Ed. 2d 90 (1974); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986). Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5

of the Fourteenth Amendment.  Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S.Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity.").  In enacting § 1983, Congress did not abrogate a state's immunity, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor did Florida waive its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

The third exception is through Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908).  See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999), citing Summit Med. Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999).

> The doctrine prohibits state officers from enforcing state policies in violation of the Constitution or federal law under a legal "fiction" that "creates an imaginary distinction between the state and its officers, deeming the officers to act without the state's authority, and hence, without immunity protection, when they enforce state laws in derogation" of federal or constitutional rights.

Sandoval, 197 F.3d at 492 (citing Summit Med., 180 F.3d at 1337). This long-standing doctrine was explained by the Court as follows:

> The doctrine of Ex parte Young, which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, is regarded as carving out a necessary exception to Eleventh Amendment immunity. Moreover, the exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought. Rather than defining the nature of Eleventh Amendment immunity, Young and its progeny render the Amendment wholly inapplicable to a certain class of suits. Such suits are deemed to be against officials and not the States or their agencies, which retain their immunity against all suits in federal court.

Puerto Rico Aqueduct, 506 U.S. at 146, 113 S.Ct. at 688-89.

Here, Plaintiff's claim against Defendant Mock is for allegedly violating federal law in the past. Thus, Ex parte Young is not applicable. To the degree Plaintiff has sued Defendant Mock in his official capacity, the motion to dismiss should be granted. Plaintiff's claim should proceed

against Defendant Mock in his individual capacity only for nominal damages.

Plaintiff also cannot proceed under Ex parte Young because he is no longer incarcerated at Franklin Correctional Institution where the events at issue took place. "The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011); see also Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (concluding that inmate's release from prison mooted claim for declaratory and injunctive relief); McKinnon v. Talladega Cnty., 745 F.2d 1360, 1365 (11th Cir. 1984) (inmates transfer to a different jail moots claim for declaratory and injunctive relief but not a claim for monetary damages). "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' . . . and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." Smith, 502 F.3d at 1267 (internal citation omitted, otherwise citing to Wahl v. McIver, 773 F.2d 1169, 1173

(11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief")). That rule remains the law in this Circuit and controls this case. See Dunn v. Warden Ware State Prison, 644 F. App'x 898, 900, n.2 (11th Cir. 2016) (noting that because the prisoner was "no longer housed in either Ware State Prison or Calhoun State Prison, his claims for injunctive relief against the prison officials there are moot."); Clas v. Torres, 549 F.App'x 922, 923 (11th Cir. 2013) (citing Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988)); *see also* Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (relying on Wahl and holding that the prisoner's "claims for declaratory and injunctive relief are now moot" in light of his transfer to another prison and then his subsequent release). Thus, Plaintiff's requests for injunctive and declaratory relief under § 1983 are moot.

Accordingly, Plaintiff's official capacity claim against Defendant Mock should be dismissed and only the individual capacity claim for nominal damages may proceed in this action.

**Recommendation**

It is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendant Mock, ECF No. 62, be **GRANTED**, and Plaintiff's claims for compensatory and punitive damages be dismissed pursuant to 42 U.S.C. § 1997d(e), the claims for injunctive and declaratory relief by dismissed, and the claim brought against Defendant Mock proceed in his individual capacity only for nominal damages.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings, and Defendant Mock be required to file an answer to Plaintiff's fourth amended complaint within ten days.

**IN CHAMBERS** at Tallahassee, Florida, on December 1, 2016.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.